UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEALINK INTERNATIONAL, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-1907-x |
| | § | |
| | § | |
| TRIPLE L GLOBAL, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Triple L Global, LLC's (Triple L) motion to stay. (Doc. 9). After considering the law and the briefs submitted by the parties, the Court finds that a stay is inappropriate at this time. Therefore, the Court **DENIES WITHOUT PREJUDICE** the motion to stay.

### I. Factual Background

This is a breach of contract case, even though the plaintiff styled it as an admiralty case. Plaintiff Sealink International, Inc. (Sealink) sued Triple L in this Court back in July. Sealink's amended complaint contains just one cause of action: breach of contract. Sealink claims that Triple L breached its contract with Sealink by failing to declare dangerous goods and to indemnify Sealink from the resulting damages. Then in August, Triple L filed a complaint with the Federal Maritime Commission (the Commission), alleging violations of the Shipping Act and Commission regulations. In October, Triple L sought to stay this case pending a resolution of the matters before the Commission. Triple L sought the stay by invoking

the "primary jurisdiction" of the Commission over matters arising from violations of the Shipping Act.[1]

## II. Legal Standards

The doctrine of primary jurisdiction seeks to simplify proceedings by (1) having "desirable uniformity" in decisions concerning an area in which an agency has expertise and (2) allowing an agency with subject-matter expertise to assess the complicated facts of a case.[2]   But generally, primary jurisdiction does not rest with the agency if the agency would only be asked to make a legal determination or otherwise would not use its expertise in the field or capacity to investigate wonky factual situations arising from that field.[3]

Importantly, "when the issue is peripheral to the main litigation, courts should be very reluctant to refer" the matter to the agency.[4]  Generally, if the issues are legal in nature and the agency's expertise and factfinding capacity would not meaningfully aid in the resolution of the issues, then the district court retains jurisdiction over the instant litigation.    Put another way, the Court must "balance the assistance potentially provided by an agency's specialized expertise against the litigants' certainty of delay."[5]

---

[1] Doc. 9 at 1.

[2] *United States v. W. Pac. R. Co.*, 352 U.S. 59, 64–65 (1956).

[3] *See Columbia Gas Transmission Corp. v. Allied Chem. Corp.*, 652 F.2d 503, 519 n.15 (5th Cir. 1981).

[4] *Miss. Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 419 (5th Cir. 1976) (citing without page reference *Great N. Ry. Co. v. Merchants Elevator Co.*, 259 U.S. 285 (1922)).

[5] *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, 810 F.3d 299, 310 (5th Cir. 2016).

### III.  Legal Analysis

Based on the briefing before the Court, applying the doctrine of primary jurisdiction would not aid in the resolution of this case.  Here, rather than using primary jurisdiction to expertly resolve issues presented in *this* litigation, Triple L seeks to stay this proceeding while *the Commission* proceeding goes forward.  But the issues in the two cases are different.  They allege different causes of action arising under different sources of law.  Sealink maintains one cause of action here: breach of contract.  Its breach of contract claim is based on Triple L's purported failure to declare certain containers as containing "Dangerous Goods"[6] as defined under the International Maritime Dangerous Goods Code.[7]  While the Commission complaint reads like counterclaims to this suit, staying this matter while the Commission proceeds would not enlist the expertise of the Commission.  Instead, it would freeze proceedings in this Court, while the "counterclaims" are litigated first at the Commission.

Because the breach of contract claim is not dependent on any of the "counterclaims" (put another way, the claims are not presented as defenses to the breach of contract), there is no need to permit the Commission to pass upon the facts here either out of deference or to enlist its expertise.

Triple L tries to argue that "the resolution of the claims in each action will necessarily depend upon the threshold issues as to whether Plaintiff's acts or

---

[6] Doc. 18 at 6.

[7] Doc. 18 at 4.

omissions implicate violations of the Shipping Act."[8]  Triple L also states that "[t]he issues presented in this case by Sealink fully overlap with the issues presented by TLG in its FMC Complaint."[9]  If that is true, Triple L has not made that clear enough for this Court to yield to the Commission.  At a minimum, Triple L needed to show that the Commission would move the ball on some issue in this litigation—namely, the breach of contract.  But Triple L hasn't.  If its conclusory statements were true, then primary jurisdiction might well be appropriate, but Triple L never connects the dots on how the resolution of the issues in the Commission complaint would aid in resolving the breach of contract.  Perhaps the issues in the Commission complaint are defenses to the breach of contract, but on the briefing presently before the Court, the Court cannot conclude that it should issue the stay.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the motion to stay.

**IT IS SO ORDERED** this 3rd day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Doc. 21 at 3.

[9] Doc. 9 at 7.

4